FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 25 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CORRY W. BAKER                                                                PLAINTIFF

VS.                                CASE NO. 4:22-cv-377-JM

ROCK REGION METROPOLITAN TRANSIT AUTHORITY
d/b/a ROCK REGION METRO                                                       DEFENDANT

## COMPLAINT

Comes Now, Plaintiff, Corry Baker, by and through the undersigned attorney and filed The Complaint against the above-named Defendant on the following grounds:

*This case assigned to District Judge Moody and to Magistrate Judge Ray*

### I.

### INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, pursuant to Fourteenth Amendment in the United States Constitution, and violation of his rights pursuant to the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq.; and to recover for equitable relief on behalf of the plaintiff against the defendant for the unlawful employment practices that Plaintiff, has been subjected to discrimination based on her race, and rights under the Family and Medical Leave Act  This is an action for declaratory, injunctive and equitable relief as well as monetary damaged to redress Defendant's unlawful employment practices of discrimination.

### II.

### JURISDICTION

1. Jurisdiction and venue of this Court is invoked pursuant to 28 US.C. § 1331, 1343, 1391, 42 U.S.C. §2000e *et seq. and 42 U.S.C. §1981, 29 U.S.C. § 2617 and 29 U.S.C. § 1391.*

2. The unlawful employment practices alleged to have been committed against the Plaintiff were committed in Tillar, Arkansas in the Central District of Arkansas.

## III.

## VENUE

3. Defendant, Rock Region Metropolitan Transit Authority, d/b/a, Rock Region METRO, a body politic, was operating its business at 901 Maple Street, North Little Rock, Arkansas in Pulaski County, Arkansas in the Eastern District of Arkansas at all times pertinent to this cause of action. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) & (c)

## IV.

## PARTIES

4. Plaintiff is an African American male, and is a resident of Little Rock, Pulaski County, Arkansas at all times pertinent to this cause of action.

5. The Defendant, Rock Region Metropolitan Transit Authority, d/b/a Rock Region METRO, a body politic was duly authorized under the laws of the State of Arkansas and was conducting business at 901 Maple Street, North Little Rock, Arkansas at all times pertinent to this cause of action.

## V.

## STATEMENTS OF FACTS

6. The Plaintiff is at all times pertinent to this cause of action was an African American,

2

male, citizen of the State of Arkansas, resident in Pulaski County, Arkansas.

7. Plaintiff was employed with the Defendant for 14 years until he was suspended and from his position as bus driver on July 29, 2021, and terminated from this same position on August 11, 2021, for not wearing a seat belt.

8. That Plaintiff's Caucasian co-worker, Joseph Barsocchi hit a school bus while on duty for the Defendant and left the scene of the accident.

9. The Plaintiff witnessed the Defendant's supervisor tell Joseph Barsocchi that he had broken state law by leaving the scene of an accident involving students on board.

10. Joseph Barsocchi, a Caucasian male violated the Defendant's policies by failing to call a supervisor or the dispatcher; to report the accident to a law enforcement officer and by leaving the scene of an accident.

11. That Caucasian bus drivers are treated more favorably under the Defendant's progressive disciplinary policy

## VI.

## CAUSE OF ACTION

12. That Plaintiff re-alleges paragraph numbered 1 through 12 as though set forth word for word herein.

13. The Defendant discriminated against the Plaintiff based on his race when persons outside of the protected class was treated more favorably in disciplinary actions than he was treated for a similar violation in violation of the Plaintiff's rights pursuant to 42 U.S.C. §2000 et. seq. and 42 U.S.C. § 1981.

14. That the Plaintiff, as an African American employee, was treated more harshly

than Caucasian co-workers that committed the same or similar offenses in his terms and conditions of employment in violation of 42 U.S.C. §2000 et. seq. and 42 U.S.C. § 1981.

15. That Plaintiff alleges at all times on July 29, 2021, and on August 11, 2021, when he was terminated that he was on leave as defined by the Family and Medical Leave Act pursuant to *29 U.S.C. § 2601 et seq.*

16. That as a proximate cause of the Defendant's conduct in interfering with, restraining and denying the Plaintiff his rights under FMLA, Plaintiff is entitled to be restored to his position pursuant to 19 U.S.C. § 2614(1).

17. That as proximate cause of the Defendant's conduct in interfering with, restraining and denying the Plaintiff his rights under FMLA, Plaintiff is entitled to costs, which include, without limitation loss wages, medical expenses from date of termination, back pay form the effective date of termination, lost employment benefits from the dates of termination.

18. That Plaintiff was issued a right to sue letter by the U.S. Equal Employment Opportunity Commission on November 9, 2020; and is incorporated by referenced as though set forth word for word herein. (Exh. 1)

## VII.
## DAMAGES

**WHEREFORE**, Plaintiff, Corry W. Baker, prays for judgment for compensatory damages for discrimination, for full front pay, full back pay, and for her humiliation, emotional

distress, and other damages caused by Defendant's conduct, for punitive damages, for all other employment benefits that the Plaintiff may be entitled; that Plaintiff prays for judgment for violations of his rights under the Family and Medical Leave Act for statutory damages for loss wages, benefits, health insurance, medical expenses, and other compensation, plus interest thereon at the statutory rate; for liquidated damages, for equitable relief in the form of reinstatement to his previous position with the Defendant; and for a jury trail and for all other relief to which the Plaintiff be entitled.

Respectfully submitted,

*Sheila F. Campbell*
Sheila F. Campbell
Bar Number 83239
Attorney for Plaintiff
2510 Percy Machin
North Little Rock, AR  72114
(501)  374-0700 (telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St ,Suite 200
(501) 324-5060
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mr. Corry W. Baker
1504 Green Mountain Dr.
LITTLE ROCK, AR 72211

Re: Mr. Corry W. Baker v. ROCK REGION METRO
EEOC Charge Number: 493-2021-01762

EEOC Representative and email:     Krisharna Blackman
ISA
krisharna.blackman@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:Delner Franklin-Thomas
01/26/2022

Delner Franklin-Thomas
District Director

EXHIBIT "1"

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 493-2021-01762 to the District Director at Delner Franklin-Thomas, 1407 Union Avenue 9th Floor
Memphis, TN 38104. You can also make a FOIA request online at
https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.