IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CORRY W. BAKER**                                                                                          **PLAINTIFF**

V.                                            **4:22CV00377 JM**

**ROCK REGION METROPOLITAN**
**TRANSIT AUTHORITY D/B/A**
**ROCK REGION METRO**                                                          **DEFENDANT**

## ORDER

Pending is Defendant's motion to dismiss. (Docket #6). Plaintiff has filed a response. For the reasons stated herein, the motion is DENIED.

Plaintiff filed this civil rights action against his employer on April 25, 2022. Plaintiff, an African American male, was employed by the Defendant for fourteen (14) years. He was allegedly suspended from his position on July 29, 2021 and subsequently discharged on August 11, 2021 for not wearing his seatbelt. Plaintiff claims that at the time he was suspended he was on leave pursuant to the Family Medical Leave Act ("FMLA"). He alleges that Defendant violated his rights under the FMLA and discriminated against him on the basis of race in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §1981.

Defendant asks the Court to dismiss Plaintiff's complaint arguing: that the Collective Bargaining Agreement ("CBA") between it and Plaintiff's Union in effect during all relevant time periods required Plaintiff to timely arbitrate his claims; that Plaintiff failed to plead sufficient facts to support his FMLA claim, and that Plaintiff failed to name his Union which is an indispensable party to the litigation.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *See*, *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Discussion

The Court finds Plaintiff has plead sufficient facts to proceed on his FMLA claim.  The Eighth Circuit has consistently held that "every discharge of an employee while she is taking

FMLA leave interferes with an employee's FMLA rights." *See e.g., Bacon v. Hennepin Cnty. Med. Ctr.,* 550 F.3d 711, 715 (8th Cir.2008) and *Phillips v. Mathews,* 547 F.3d 905, 911 (8th Cir.2008). Where an employer terminates an employee while on FMLA leave, courts assume the employee was denied a benefit to which she was entitled. *See Bacon,* 550 F.3d at 715; *Phillips,* 547 F.3d at 911. The employer can avoid liability for such interference, however, if it shows that the dismissal was not sufficiently related to the employee's FMLA leave. *Id..* The burden is on the employer to prove "it would have made the same decision had the employee not exercised the employee's FMLA rights." *Estrada v. Cypress Semiconductor (Minnesota) Inc.,* 616 F.3d 866, 871 (8th Cir.2010). Based upon the facts alleged in Plaintiff's complaint, Plaintiff was terminated while on FMLA leave, these facts if true are sufficient to state a plausible FMLA claim.

Next, Defendant argues that the Collective Bargaining Agreement ("CBA") between it and Plaintiff's union, required Plaintiff to timely arbitrate his claims which he failed to do. In order for the CBA to form the exclusive remedy for Plaintiff's statutory antidiscrimination claims, it must "clearly and unmistakably" waive Plaintiff's rights to pursue his statutory remedies. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009).

Defendant argues that Plaintiff's statutory claims are barred by the CBA, Article XVI, §16.01-02 which states that the grievance and arbitration procedure is the Union's and the covered employee's exclusive dispute resolution procedure to resolve "all grievances." In addition, Defendant points to Article 8, §8.08 of the CBA which sets forth the attendance policies and explicitly states that METRO "will comply with the Family Medical Leave Act ("FMLA")." Defendant contends that when read together these provisions clearly and unmistakably waive Plaintiff's rights to pursue his statutory claims in federal court.

3

The Court finds that here, the CBA does not clearly and unmistakably require the Plaintiff to arbitrate his statutory antidiscrimination claims.  *See eg., Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70 (1998) see also, *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) (holding that the following provision was adequately clear and unmistakable: "All claims arising under Title VII, the ADEA, the ADA, the FMLA and any other similar laws shall be subject to the grievance and arbitration procedures as the sole and exclusive remedy for violations.").  The statement contained in the CBA that mentions an agreement to comply with the FMLA is unrelated to the grievance and arbitration provisions.  Further, the grievance and arbitration provision contains no specific reference to the statutory claims at issue, to general discrimination laws or Plaintiff's statutory rights to seek redress for employment related claims.  See, *Kayser v. Sw. Bell Tel. Co.*, No. 4:10 CV 1495 CDP, 2010 WL 5139351, at *3(E.D. Mo. Dec. 10, 2010) (holding that when an arbitration agreement "provides generally that all disputes over the meaning or application of any CBA provision are to be arbitrated ... [ the agreement does not constitute] an express waiver of plaintiffs' right to bring their [FLSA] claims". ).  Accordingly, Plaintiff was not required to submit his statutory claims through the grievance and arbitration process.

Because the deadline to add parties and amend the pleadings has not yet run, Defendant's argument that Plaintiff's complaint should be dismissed for failure to join an indispensable party is premature.

<u>Conclusion</u>

For these reasons, Defendants' motion to dismiss (docket # 6) is DENIED.

IT IS SO ORDERED this 23rd day of January, 2023.

                                                   _____
                                                   James M. Moody Jr.
                                                 United States District Judge